<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA WILLIAMS, | |
| Plaintiff, | Civ. No. 07-0810 (DRD) |
| v. | **O P I N I O N** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

*Appearances by:*

LANGTON & ALTER
by: Abraham S. Alter, Esq.
2096 St. Georges Avenue
Rahway, NJ  07065

    *Attorneys for Plaintiff*

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY for the District of New Jersey
by: Sixtina Fernandez, Esq.
Special Assistant U.S. Attorney
26 Federal Plaza, Room 3904
New York, NY  10278

    *Attorney for Defendant*

**<u>DEBEVOISE, Senior District Judge</u>**

Pursuant to § 205(g) of the Social Security Act, Plaintiff, Debra Williams, seeks this Court's review of the Commissioner of Social Security's ("Commissioner") final determination that she was not eligible for Supplemental Security Income benefits under Title XVI of the Social Security Act. The Commissioner, rather than objecting to a review of his decision, submitted a motion requesting reversal of his decision and remand for further administrative proceedings. Because the Administrative Law Judge did not consider the effect of Williams's weight on the disability determination, the Commissioner's decision will be reversed and the case remanded for further proceedings.

## I. BACKGROUND

On May 18, 1999, Williams filed an application for Supplemental Security Income payments, alleging disability since December 30, 1998, due to carpal tunnel syndrome and degenerative disc disease. The claim was initially denied and on reconsideration. A hearing was held before Administrative Law Judge ("ALJ") Richard L. De Steno on November 20, 2000. Following the hearing, on January 23, 2001, the ALJ issued an unfavorable decision finding that Williams was not disabled. The ALJ's decision was appealed to Appeals Council, which found no grounds for review, and the ALJ's decision became the Commissioner's final decision.

On November 21, 2001, Williams filed a Complaint in the District of New Jersey seeking review of the Commissioner's unfavorable decision. Briefs were filed by both parties and on February 23, 2004, District Judge Dennis M. Cavanaugh issued an opinion remanding the case to the Commissioner for further proceedings.

On January 13, 2005, a second hearing was held before ALJ De Steno. During the

second set of hearings, Williams's attorney informed the ALJ that Williams had filed a second application for Supplemental Security Income in July, 2001. On the basis of this second application, the Social Security Administration found that Williams was disabled as of February 1, 2001, due in part to her obesity.

On January 21, 2005, the ALJ again issued an unfavorable decision finding that Williams was not disabled from May, 1999, the date of her original application, until February 1, 2001. The Appeals Council again found no grounds for review and the ALJ's decision became the final determination of the Commissioner. On February 16, 2007, Williams filed a second Complaint in the District of New Jersey seeking review of the Commissioner's unfavorable decision because the ALJ did not consider her obesity and its effect on her ability to perform work-related activities.

## II.  DISCUSSION

The issue before the Court is whether the Commissioner's January 21, 2005 decision is supported by substantial evidence. Williams asserts that substantial evidence exists in the administrative record to support a finding of disability and therefore asks the Court to reverse the decision of the Commissioner or remand the case for further proceedings. The Commissioner asserts that the case should be remanded in order for the ALJ to analyze Williams's obesity from the application date, May 18, 1999, through January, 2001, the month before the Social Security Administration found Williams to be disabled on the basis of her second application.

Remand is appropriate, pursuant to 42 U.S.C. § 405(g), in cases where the Commissioner has failed to provide a full and fair hearing, to make explicit findings of fact, to fully develop the record, or to correctly apply the law. See, e.g., Burnett v. Comm'r of Soc. Sec., 220 F.3d 112,

119-20 (3d Cir. 2000); <u>Ventura v. Shalala</u>, 55 F.3d 900, 904 (3d Cir. 1995).  In this case it is clear that the ALJ has failed to fully develop the record as to Williams's obesity and the effect that it had on her ability to engage in gainful employment during the twenty months between her first and second applications.

Obesity can constitute a severe impairment.  <u>Sassone v. Comm'r of Soc. Sec.</u>, 165 Fed. Appx. 954, 958 (3d Cir. 2006).  If an ALJ finds that an applicant's obesity rises to the level of a severe impairment, then the ALJ must consider the applicant's obesity at every step of the sequential evaluation process.  In this case, the ALJ's decision denying Supplemental Security Income does not contain an analysis of the effect of Williams's weight on her ability to engage in gainful employment from the date of her initial application through January, 2001.  Therefore, remand is necessary in order for the ALJ to further develop the record as to Williams's weight, whether she was considered obese at the time of her initial application, whether her obesity constituted a severe impairment, and if so, whether her obesity, combined with her other impairments, prevented her from engaging in gainful employment.

Remand, rather than an award of benefits, is appropriate because the evidence in the current record does not necessitate a finding that Williams was obese at the time of her initial application, nor that her weight constituted a severe impairment that prevented her from engaging in gainful employment.  Indeed, the record contains evidence suggesting that, despite her weight, Williams was able to engage in some light work and care for her children.  Thus, the proceedings on remand will permit the Commissioner to further develop the record so that a proper disposition as to William's ability to perform work activity, during the time period in question, can be achieved.

### III.  CONCLUSION

For the reasons set forth above, the determination of the Commissioner will be reversed and the case remanded for further proceedings in accordance with this opinion.  On remand, the Commissioner should consider whether Williams's weight from May, 1999, until January, 2001, constituted a severe impairment, and if so, what effect her weight had on every step of the sequential evaluation process.  Additional evidence as to Williams's weight and body mass may be required, as well as the testimony of a medical and vocational expert.  An appropriate order implementing this opinion will be entered.


/s/ Dickinson R. Debevoise
DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: February 25, 2008